IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JIMMY LEVON UNDERWOOD,**

    **Petitioner,**

v.                                Civ. Action No. 1:19-CV-127
                                          (Kleeh)

**C. GOMEZ, Warden, FCI Morgantown,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 26], GRANTING MOTION TO DISMISS [DKT. NO. 18]
AND DISMISSING PETITION [DKT. NO. 1]**

On June 24, 2019, the pro se Petitioner, Jimmy Levon Underwood ("Petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Dkt. No. 1]. Petitioner challenged the denial of his early release via the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). The Government filed a *Motion to Dismiss or in the Alternative, Motion for Summary Judgment* with a memorandum [Dkt. No. 18] and a *Motion to Seal*, attaching certain documents[1] [Dkt. No. 19]. The motion to seal was granted [Dkt. No. 23]. A Roseboro Notice was issued on November 18, 2019, to Petitioner and service was accepted on November 22, 2019 [Dkt. Nos. 20, 22]. To date, Petitioner has not responded to the

---

[1] The sealed documents include Petitioner's Presentence Investigation Report ("PSR") and the sentencing Court's Statement of Reasons ("SOR") adopting the recommended PSR without change [Dkt. No. 24].

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS [DKT. NO. 18] AND DISMISSING PETITION [DKT. NO. 1]**

Roseboro Notice or to Respondent's motion.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review.  On July 14, 2020, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court grant the Government's motion and dismiss with prejudice the Petition [Dkt. No. 26].

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "written objections identifying the portions of the Report and Recommendation to which the objections are made.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection" [Dkt. No. 26 at 15].  It further warned them that the "[f]ailure to timely file objections . . . will result in waiver of the right to *de novo* review by this Court and a waiver of appellate review by the Circuit Court of Appeals" [Id.]. Service of the R&R was accepted on July 21, 2020 [Dkt. No. 25]. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt,

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 26], GRANTING MOTION TO DISMISS [DKT. NO. 18]
AND DISMISSING PETITION [DKT. NO. 1]**

without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. As set forth in the R&R, the BOP properly exercised its discretion in finding that Petitioner's conviction under 21 U.S.C. §§ 841 and 846 precluded early release eligibility because it carried a specific offense characteristic ("SOC") enhancement for possession of a dangerous weapon [Dkt. No. 26 at 9-11]. The decision to admit an inmate to RDAP and any resulting possibility of an earned sentence reduction is reserved to the discretion of the BOP under 18 U.S.C. § 3629(e)(2)(B)[2] [Id. at 11]. Here, Petitioner failed to show that the BOP exceeded its

---

[2] The Court notes that Petitioner withdrew from participation in RDAP on July 31, 2019, before its completion [Dkt. No. 18-3 at 17-18]. As the Magistrate found, even if the Court would find merit in Petitioner's argument regarding the wrongful consideration of his SOC in determining his eligibility for early release, Petitioner still could not benefit because he failed to complete the program [Dkt. No. 26 at 13, n.7].

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 26], GRANTING MOTION TO DISMISS [DKT. NO. 18]
AND DISMISSING PETITION [DKT. NO. 1]**

legal authority, acted in an unconstitutional manner, or failed to follow its regulations in finding him ineligible for early release via RDAP. Petitioner's additional allegations are unsupported [Id. at 13-15].

Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [Dkt. No. 26] for the reasons stated more fully therein. The Government's *Motion to Dismiss* [Dkt. No. 18] is **GRANTED**. The Petition [Dkt. No. 1] is **DISMISSED WITH PREJUDICE**. This action is **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record and to the pro se Petitioner, via certified mail, return receipt requested, at the last known address as shown on the docket.

**DATED:** August 27, 2020

                                          /s/ Thomas S. Kleeh
                                          THOMAS S. KLEEH
                                          UNITED STATES DISTRICT JUDGE